BERNARD N. MARCANTEL, Judge Pro. Tem.
The sole issue presented by this appeal is whether a statutory employer can be imputed with the knowledge that an immediate employer has of a preexisting disability of an employee so as to qualify for reimbursement from the Second Injury Fund.
On May 17, 1989, Edward E. Brady (hereinafter plaintiff) and Commercial Union Insurance Company (hereinafter Commercial Union) filed a Petition for Appeal of Determination of Louisiana Worker’s Compensation Second Injury Board against the State of Louisiana, Louisiana Worker’s Compensation Second Injury Board (hereinafter State) appealing the determination of the State denying reimbursement from the Second Injury Fund for worker’s compensation benefits.
A trial on the merits was held on March 27, 1990. The trial court found in favor of the State and rejected plaintiffs’ claim. A formal written judgment was signed on May 3, 1990. Plaintiffs timely appeal. We reverse.
FACTS
Winfred Brister (hereinafter Brister) was hired by Fred Mechling (hereinafter Mechl-ing) a wood contractor, as a wood cutter on October 3, 1987. Subsequently, plaintiff, a dealer who has contracts with companies to deliver timber to them, hired Mechling as a subcontractor to produce logs for the various mills. In addition to other things, plaintiff furnished worker’s compensation for Mechling.
On November 6, 1987, Brister, while in the course and scope of his employment with plaintiff, was struck by a falling tree and, as a result, received injuries to his hip and back. As a result of the accident, fusion surgery was performed on Brister’s back on March 21, 1988. Commercial Union paid worker’s compensation benefits and medical expenses to Brister. Commercial Union is plaintiff’s worker’s compensation insurer and pays benefits on behalf of the subcontractors.
Prior to his employment with Mechling, Brister sustained injuries to his back in September 1985, and October 1985, requiring surgery on December 16, 1985 for a herniated disc and surgery in August 1986 for a lumbar laminectomy, diskectomy and fusion, all of which resulted in permanent partial disability.
The injury received from the November 6, 1987 accident, combined with the preexisting permanent partial disability caused Brister to have a greater disability than he would have had from the November 6, 1987 injury alone.
Plaintiffs filed a claim with the Second Injury Board for reimbursement of benefits paid to Brister. On May 4, 1989, the Second Injury Board denied plaintiffs’ claim because Brady did not have knowledge of Brister’s preexisting permanent partial disability prior to the subsequent injury of November 6, 1987, as required by La.R.S. 23:1378(A).
As a result of this denial, plaintiffs filed a Petition for Appeal of Determination of Louisiana Worker’s Compensation Second Injury Board in the district court on May 17, 1989. A trial on the merits was held on March 27, 1990.
The trial court rejected plaintiffs’ demands and found in favor of the State. A formal written judgment was signed on May 3, 1990. It is from this ruling that plaintiffs appeal alleging that the trial court erred in its ruling.
LAW
Plaintiffs claim that the trial court held that the evidence was insufficient to estab *1047 lish a statutory employer relationship between Brady and Brister. Plaintiffs point out that both parties entered into a joint stipulation before trial, stipulating that Brady was the statutory employer of Bris-ter.
In view of this stipulation, we hold Brady was Brister’s statutory employer and there is no need to discuss this issue.
Plaintiffs next allege that, since Brady is the statutory employer of Brister, then any knowledge that Mechling had should be imputed to Brady. Plaintiffs do not dispute the fact that Brady did not have direct knowledge of Brister’s preexisting permanent partial disability.
The Louisiana Worker’s Compensation Second Injury Board is provided for by La.R.S. 23:1371 through R.S. 23:1379.
La.R.S. 23:1378, providing for the determination of the liability of the fund, states in pertinent part:
“A. An employer operating under the provisions of this Chapter who knowingly employs or knowingly retains in his employment an employee who has a permanent partial disability, as defined in Subsection F hereof, shall be reimbursed from the second injury fund as follows:
(1) If such an employee who has a permanent partial disability incurs a subsequent injury arising out of and in the course of his employment resulting in liability for disability due to the merger of the subsequent injury with the preexisting permanent partial disability, the employer or, if insured, his insurer, in the first instance, shall pay all compensation provided in this Chapter, but the employer or, if insured, his insurer thereafter shall be reimbursed from the second injury fund for all weekly compensation payments payable after the first one hundred and four weeks of payments.
* * * * * *
F. As used in this Part, permanent partial disability means any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed.
Where, however, the employer establishes that he had knowledge of the preexisting permanent partial disability prior to the subsequent injury, there shall be a presumption that the employer considered the condition to be permanent and to be or likely to be a hindrance or obstacle to employment where the condition is one of the following:
# ⅜ * * J(t ⅜£
(26) Ruptured intervertebral disc; ‘ ******
(29) A spinal fusion or the surgical removal of an intervertebral disc;”
The purpose of the Second Injury Fund is set out in La.R.S. 23:1371, as follows:
“A. It is the purpose of this part to encourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers and insurers from excess liability for worker’s compensation for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone.”
There is no dispute that Brister had a preexisting permanent, partial disability. There is also no dispute that Brister’s actual employer, Mechling, knew of this disability when he hired Brister. However, it is disputed whether or not Mechling’s knowledge which would qualify Mechling for reimbursement from the Second Injury Fund can be imputed to Brady. Commercial Union, as Brady’s insurer, paid worker’s compensation benefits to Brister, so that Commercial Union would qualify to receive reimbursement from the Second Injury Fund if Mechling’s knowledge of Brister’s preexisting condition could be imputed to Brady.
The liability of a statutory employer to the employees of his subcontractor is set forth in La.R.S. 23:1061, as follows:
“A. When any person, in this Section referred to as the ‘principal’, undertakes to execute any work, which is a part of his trade, business, or occupation or *1048 which he had contracted to perform, and contracts with any person, in this Section referred to as the ‘contractor’, for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.”
Plaintiffs claim that it would be inequitable to impute liability to the statutory employer for purposes of worker’s compensation benefits, and not to impute knowledge to the statutory employer for purposes of reimbursement from the Second Injury Fund.
In the present case an employer did knowingly employ an employee with a permanent partial disability as defined by La. R.S. 23:1378. Mechling knew of Brister’s previous back injury when he hired Brister. Therefore, Mechling would qualify for reimbursement under the Second Injury Fund since he knowingly employed a physically handicapped employee with a permanent, partial disability.
Brady hired Mechling as a subcontractor to cut timber. Since Mechling was a subcontractor of Brady, Mechling was responsible for hiring the employees which he would use on the job. However, under La.R.S. 23:1061, Brady must provide worker’s compensation coverage to Mechling’s employees. The purpose of La.R.S. 23:1061 is to protect employees of subcontractors against the irresponsibility of their immediate employers by making the principal employer liable as if he had directly employed all who worked on any part of the business which he has undertaken to carry on. Blanchard v. Engine & Gas Compressor Services, Inc., 613 F.2d 65 (U.S.App. 5th Cir.1980).
After a review of both the statutory employer statutes and the Second Injury Fund statutes and the evidence, we find that the requirements for reimbursement from the Second Injury Fund have been met. Since Brady must provide coverage to Mechling’s employees, Mechling’s knowledge as the immediate employer should be imputed to Brady, the statutory employer. This is especially true since La.R.S. 23:1061 states that the principal shall be liable to an employee as if the employee had been directly employed by him. In the present case, the direct employer knew of Brister’s preexisting condition. Therefore, under La.R.S. 23:1378, Brady and Commercial Union would qualify for reimbursement from the Second Injury Fund.
For the above reasons, the judgment of the trial court in favor of defendant is reversed and judgment is hereby entered in favor of Edward E. Brady and Commercial Union Insurance Company granting them reimbursement from the Second Injury Fund.
REVERSED.